# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 15 2006

J.T. NOBLIN, CLERK
BY_____DEPUTY

JUSTIN R. CRANFORD, LARRY RUSSELL,
JAMES FOUNTAIN, JR., BOBBY BUCHANAN, JR.,
DAVID MAYO, AND MICHAEL PRUITT

**PLAINTIFFS**

VERSUS                                     CIVIL ACTION NO. ~~3:06cv323HTW-JCS~~  3:06CV451 TSL-JCS

J.K. STRINGER, ET AL.                                          **DEFENDANTS**

## ORDER REQUIRING SEPARATE COMPLAINTS

BEFORE THE COURT is plaintiffs' *pro se* complaint filed pursuant to Title 42 U.S.C. § 1983. The court is of the opinion that plaintiffs must file separate complaints for the reasons set forth below.

These six plaintiffs, inmates of the Mississippi Department of Corrections, filed a joint complaint alleging violations of their civil rights while incarcerated in the Madison County Community Work Center, Canton, Mississippi. The plaintiffs work as trustees at the Mississippi Department of Finance and Administration and they are not allowed to put their lunches in the refrigerator at their work sites. The plaintiffs claim that since they are not allowed to put their lunches in the refrigerator, the lunches are spoiled and this denies each plaintiff adequate daily nutrition. Each plaintiff completed a separate application to proceed in forma pauperis.

I.

It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." <u>Archuleta v. McShan</u>, 897 F.2d

495, 497 (10th Cir. 1990) (citations omitted); <u>Coon v. Ledbetter</u>, 780 F.2d 1158, 1160-61 (5th Cir. 1986)( "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his] personal rights." <u>Coon</u>, 780 F.2d at 1160-61 (citations omitted). Meritorious claims may be obscured by the frivolous. Moreover, multi-plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other civil actions.

II.

After the enactment of the Prison Litigation Reform Act of 1996, the court implemented a number of procedures that facilitate the prison litigation process. If the court were to permit multi-plaintiff prisoner complaints, however, such a practice would render those court procedures inefficient. For example, prisoner plaintiffs proceeding <u>in forma pauperis</u> ("IFP") are required to pay the full amount of the filing fee[1] and costs.[2] Prisoner plaintiffs who have, on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim, may not proceed IFP.[3] In addition, under Mississippi state law, if a prisoner's case is dismissed as frivolous the inmate loses 60 days of accrued earned time for his first dismissal, 120 days of accrued earned time is lost for a second frivolous dismissal and for three or more frivolous dismissals, the inmate will lose 180 days of accrued earned time per dismissal. Miss. Code Ann. § 47-5-138.

III.

---

[1] 28 U.S.C. §1915(b)(1).

[2] 28 U.S.C. § 1915(f)(2)(A).

[3] 28 U.S.C. § 1915(g)

2

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the court finds it appropriate to sever the recent matter into individual actions, one for each named plaintiff. The present case, civil action number 3:06cv323HTW-JCS, will be dismissed without prejudice.

The Clerk of the Court will be directed to assign a new case number to each individual plaintiff.  The Clerk of the Court shall be directed to file the present complaint, application to proceed in forma pauperis and any other documents, including this order in each new case with a file date of today's date.  The newly-assigned case number shall be placed upon the copy of the present complaint and other documents and they shall serve as the original documents in the severed action.  In the event the court finds that common questions of law or fact exist in separate cases, the court may then order that those cases be consolidated, as provided in Fed. R. Civ. P. 42(a).

Upon assignment of individual case numbers and creation of individual cases, the court will make further orders in each case after conducting its review pursuant to 28 U.S.C. §1915.

IT IS THEREFORE ORDERED:

(1) That civil action no.3:06cv323HTW-JCS  shall be severed into six individual actions, one for each named plaintiff;

(2) That the severed cases shall be captioned as follows:

> Justin R. Cranford v. J.K. Stringer, et al.
> Larry Russell v. J.K. Stringer, et al.
> James Fountain v. J.K. Stringer, et al.
> Bobby Buchanan v. J.K. Stringer, et al.
> David Mayo v. J.K. Stringer, et al.
> Michael Pruitt v. J.K. Stringer, et al.

(3) That the Clerk of the Court is directed to assign individual civil action numbers to each of the severed cases;

(4) That the Clerk of the Court is directed to file the complaint and other documents[4] from civil action number 3:06cv323HTW-JCS  including this order, in each newly-created file with a file date of today's date;

(5)  That the complaint and action in civil action number 3:06cv323HTW-JCS is dismissed without prejudice; and

(6) That each plaintiff shall file any subsequent pleadings in their individual civil action and not in this dismissed case.

**SO ORDERED AND ADJUDGED** this the 15th day of August, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

TRUE COPY, I HEREBY CERTIFY.
J.T. Noblin, CLERK

BY: _____
Deputy Clerk

---

[4]Each plaintiffs individual IFP application shall only be filed in the new case assigned to that individual inmate.

3:06cv323HTW-JCS                              4